# Exhibit O

*(Email to J. Sink from J. Darger re Illegal Foreclosure Sale)*

| | |
|---|---|
| **From:** | John D <jndarger1@gmail.com> |
| **Sent:** | Wednesday, June 26, 2024 9:28 AM |
| **To:** | Jeremy Sink |
| **Subject:** | Re: You are conducting an illegal foreclosure sale |

> **CAUTION: EXTERNAL**

Mr. Sink,

You seem to have a serious misunderstanding of 11 U.S.C. 362 as it relates to property of the bankruptcy estate.

You can't simply wait 30 days for the automatic stay to supposedly expire and then foreclose on my home. My real property becomes an asset of the bankruptcy estate even with two bankruptcy filings in the last 365 days.

In re Holcomb, 380 B.R. 813, 816 (B.A.P. 10th Cir. 2008), the 10th Circuit Court of Appeals held that "[T]he automatic stay terminates under § 362(c)(3)(A) only with respect to the debtor and the debtor's property but not as to property of the estate."

A deed of trust/nonjudicial foreclosure is an in rem proceeding against a bankruptcy debtor's property -- not against the debtor. Per Holcomb, the stay would remain in force against my real property after 30 days, unless you ask the court for relief from stay. If I were not willing to make payments on the note, you could request a relief from the automatic stay on the grounds that I have refused to make post petition mortgage payments.  However, I am willing to make post petition mortgage payments on the correct balance owed. Please provide me the correct dollar amount of my post petition monthly mortgage payment.  This is the second time I've asked you for the post petition mortgage payment amount.

On Tue, Jun 25, 2024 at 4:00 PM Jeremy Sink <jsink@kmclaw.com> wrote:

> John,
>
> Nothing has changed since my June 5, 2024 emails to you.  Again, thank you for providing notice of your bankruptcy filing.
>
> As I had numerous interested parties in this foreclosure sale call me and had no other way to reach them prior to your bankruptcy filing, I attended the foreclosure sale on June 5, 2024 to give parties notice of your bankruptcy filing and notify them that the sale could not occur that day because of the bankruptcy filing.  I also gave them and you notice of the automatic stay arising from your bankruptcy under 11 U.S.C. section 362.  As you know, because you have filed multiple bankruptcies during the 2024 calendar year, the stay in your current bankruptcy case only lasts 30 days.  Thus, pursuant to the expiration of the stay under section 362 of the bankruptcy code

and Section 57-1-27 of Utah Code Annotated, I will be conducting the foreclosure sale after the termination of the stay, on July 8, 2024 at 10 a.m.

As I indicated to you at the courthouse on June 5, 2024, if you have problems with my actions or believe the bankruptcy automatic stay prevents me from conducting this sale on July 8, 2024 at 10 am, please seek relief from Judge Marker in your bankruptcy case. Please give me a copy of any filing made with Judge Marker that impacts my actions for the Auntie Tut Trust.

**KIRTON McCONKIE**
**Jeremy Sink**
Attorney
d 801.239.3157

**From:** John D <jndarger1@gmail.com>
**Sent:** Tuesday, June 25, 2024 9:57 AM
**To:** Jeremy Sink <jsink@kmclaw.com>
**Subject:** Re: You are conducting an illegal foreclosure sale

CAUTION: EXTERNAL

Mr. Sink,

Is my real property scheduled for foreclosure even though I'm currently in a Chapter 13 bankruptcy?

On Tue, Jun 4, 2024 at 11:27 AM Jeremy Sink <jsink@kmclaw.com> wrote:

> Mr. Darger,
>
> Please notify me of any filings you complete. Thanks.

**KIRTON McCONKIE**

**Jeremy Sink**
Attorney
d 801.239.3157

---

**From:** John D <jndarger1@gmail.com>
**Sent:** Tuesday, June 4, 2024 11:25 AM
**To:** Jeremy Sink <jsink@kmclaw.com>
**Subject:** Re: You are conducting an illegal foreclosure sale

CAUTION: EXTERNAL

Mr. Sink,

I'm going to file a complaint with the United States Department of Justice to investigate your clients for creditor bankruptcy fraud.

Your clients noted that my promissory note has simple interest and then fraudulently calculated the balance using compound interest.

Do you have the contact information for the US Bankruptcy Trustee so I can file my complaint to begin the creditor bankruptcy fraud investigation?

On Tue, Jun 4, 2024 at 11:00 AM Jeremy Sink <jsink@kmclaw.com> wrote:

> Mr. Darger,
>
> Any recording of that document in the County Recorder's office will be a wrongful lien as defined by UCA 38-9-102(12). If you decide to record the document please let me know immediately and I will send you a formal demand to remove the same pursuant to UCA 38-9-203 and will seek all applicable damages. Govern yourself accordingly.

3

**KIRTON McCONKIE**

**Jeremy Sink**
Attorney
d 801.239.3157

---

**From:** John D <jndarger1@gmail.com>
**Sent:** Tuesday, June 4, 2024 10:51 AM
**To:** Jeremy Sink <jsink@kmclaw.com>
**Subject:** Re: You are conducting an illegal foreclosure sale

CAUTION: EXTERNAL

Mr. Sink,

I've prepared the following notice to be filed with the county recorder.

It will provide public notice of the criminal conspiracy to steal $175,000 in equity from my property and it provides public notice of your violations of the rules of professional conduct and civility.

Please let me know if there is anything I need to add to it, to properly document the fraud and rule violations.

On Fri, May 31, 2024 at 4:44 PM Jeremy Sink <jsink@kmclaw.com> wrote:

> Mr. Darger,
>
> I was aware of the case prior to starting the foreclosure on your home. I will not be withdrawing. As I have mentioned before, if you want to raise any of the issues raised in your numerous emails, please file something with a court and give me notice of the same. Have a nice weekend.

4

**KIRTON McCONKIE**

**Jeremy Sink**
Attorney
d 801.239.3157

---

**From:** John D <jndarger1@gmail.com>
**Sent:** Friday, May 31, 2024 4:21 PM
**To:** Jeremy Sink <jsink@kmclaw.com>
**Subject:** Re: You are conducting an illegal foreclosure sale

CAUTION: EXTERNAL

Mr. Sink,

On June 22, 2021 both of your clients, Brian Sorensen and Janice Lee Jones were indicted via a superseding indictment for a scheme to defraud lenders by using straw buyers in a short sale buyback fraud.

The case number is 2:17-cr-0244-APG-NJK in Nevada's federal court.

In order to pay restitution for the fraud and attempt to reduce their criminal sentences, your clients are now engaging in a criminal conspiracy to attempt to steal my home from me.

The criminal conspiracy is as follows:

1. Your clients are now trying to assess compound interest instead of simple interest on the note

2. Your clients are assessing default interest in violation of the CPFB

3. Your clients attempted to enter into a fraudulent contract with me to acquire title to my real property

5

As an attorney, you are not allowed to represent clients involved in a crime.

I alerted you to the compound interest issue and you ignored me. You were given ample opportunities to void the foreclosure sale, but you chose not to. As such, your clients actions validate my fraud accusations.

You may no longer represent the auntitut trust. Doing so violates Rule 4.1 of the rules of professional conduct.

Crime or Fraud by Client

[3] Under Rule 1.2(d), a lawyer is prohibited from counseling or assisting a client in conduct that the lawyer knows is criminal or fraudulent. Paragraph (b) states a specific application of the principle set forth in Rule 1.2(d) and addresses the situation where a client's crime or fraud takes the form of a lie or misrepresentation. Ordinarily, a lawyer can avoid assisting a client's crime or fraud by withdrawing from the representation. Sometimes it may be necessary for the lawyer to give notice of the fact of withdrawal and to disaffirm an opinion, document, affirmation or the like. In extreme cases, substantive law may require a lawyer to disclose information relating to the representation to avoid being deemed to have assisted the client's crime or fraud. If the lawyer can avoid assisting a client's crime or fraud only by disclosing this information, then under paragraph (b) the lawyer is required to do so, unless the disclosure is prohibited by Rule 1.6.

I respectfully request that you immediately withdraw as counsel for the Auntitut Trust.

On Tue, May 28, 2024 at 5:55 PM Jeremy Sink <jsink@kmclaw.com> wrote:

> Mr. Father I am not defrauding you or conspiring to defraud you. The payoff was provided by the client. If you have a different payoff at the foreclosure sale you can tender that amount and litigate the difference. Regards.
>
> **KIRTON McCONKIE**
> **Jeremy Sink**
> Attorney
> d 801.239.3157
>
> ---
>
> **From:** John D <jndarger1@gmail.com>
> **Sent:** Tuesday, May 28, 2024 5:42:26 PM
> **To:** Jeremy Sink <jsink@kmclaw.com>
> **Subject:** Re: You are conducting an illegal foreclosure sale

CAUTION: EXTERNAL

Mr. Sink,

You are incorrect.

Pursuant to UCA 57-1-25(5) A trustee qualified under Subsection 57-1-21(1)(a)(i) or (iv) who exercises a power of sale has a duty to the trustor not to defraud, or conspire or scheme to defraud, the trustor.

https://le.utah.gov/xcode/Title57/Chapter1/57-1-S25.html?v=C57-1-S25_2020051220200512

You must recalculate the loan based on simple interest.  Also, the CFPB requires that default APRs have a new contract.

As such, the higher interest rate calculations are null and void.

On Tue, May 28, 2024 at 4:10 PM Jeremy Sink <jsink@kmclaw.com> wrote:

> Mr. Darger,
>
> Here is the accounting.  If you assert there are missing payments please provide evidence of the missing payment(s).
>
> **KIRTON McCONKIE**
> **Jeremy Sink**
> Attorney
> d 801.239.3157
>
> ---
>
> **From:** John D <jndarger1@gmail.com>
> **Sent:** Tuesday, May 28, 2024 3:41 PM

7

**To:** Jeremy Sink <jsink@kmclaw.com>
**Subject:** Re: You are conducting an illegal foreclosure sale

CAUTION: EXTERNAL

Mr. Sink,

Please provide a full accounting of the loan transaction history.

On Tue, May 28, 2024 at 3:11 PM Jeremy Sink <jsink@kmclaw.com> wrote:

> Mr. Darger,
>
> Again, if you have problems please file something with the court.
>
> **KIRTON McCONKIE**
> **Jeremy Sink**
> Attorney
> d 801.239.3157
>
> ---
>
> **From:** John D <jndarger1@gmail.com>
> **Sent:** Tuesday, May 28, 2024 2:58 PM
> **To:** Jeremy Sink <jsink@kmclaw.com>
> **Subject:** Re: You are conducting an illegal foreclosure sale
>
> CAUTION: EXTERNAL
>
> Mr. Sink,

8

(ii) in accordance with Section [45-1-101](#) for 30 days before the date the sale is scheduled;

Have you ever conducted a foreclosure sale before?

On Tue, May 28, 2024 at 2:22 PM Jeremy Sink <jsink@kmclaw.com> wrote:

Mr. Darger,

UCA 57-1-25 requires salt to be at least 10 days but not more than 30 days from the last publication of the notice. Again, if you want to file something with the court, please do so. Otherwise, you can attend the sale and make a qualified bid.

**KIRTON McCONKIE**
**Jeremy Sink**
Attorney
d 801.239.3157

---

**From:** John D <jndarger1@gmail.com>
**Sent:** Tuesday, May 28, 2024 2:10 PM
**To:** Jeremy Sink <jsink@kmclaw.com>
**Subject:** Re: You are conducting an illegal foreclosure sale

CAUTION: EXTERNAL

Mr. Sink

Additionally, you scheduled the sale for only 29 days instead of 30 as required by law. Here is the law that requires 30 days https://le.utah.gov/xcode/Title57/Chapter1/57-1-S25.html?v=C57-1-S25_2020051220200512

Please explain why you only scheduled the sale 29 days out instead of 30 in violation of UCA 57-1-25.

On Tue, May 28, 2024 at 2:04 PM Jeremy Sink <jsink@kmclaw.com> wrote:

Mr. Darger,

9

If you want to have this discussion we will need to have it before a judge.  Please file whatever pleading you believe is appropriate. If you have legal counsel, please let me know so that I can discuss the issues with your legal counsel.  Regards.

**KIRTON McCONKIE**
**Jeremy Sink**
Attorney
d 801.239.3157

**From:** John D <jndarger1@gmail.com>
**Sent:** Tuesday, May 28, 2024 2:02 PM
**To:** Jeremy Sink <jsink@kmclaw.com>
**Subject:** Re: You are conducting an illegal foreclosure sale

CAUTION: EXTERNAL

The plain language of Utah Code 57-1-24 is clear and requires you to file your own Notice of Default and doesn't allow you to piggyback off of Balliff's NOD.  I challenge you to find a single case in Utah courts that disagrees with the plain language of UCA 57-1-24.

Accordingly, I assert that you are violating the rules of professional conduct.

https://legacy.utcourts.gov/rules/view.php?type=ucja&rule=13-3.1

A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good-faith argument for an extension, modification or reversal of existing law. A lawyer for the defendant in a criminal proceeding, or the respondent in a proceeding that could result in incarceration, may nevertheless so defend the proceeding as to require that every element of the case be established.

There is no basis in law to piggyback off of another attorney's NOD.

Also, please explain why Mr. Ballif withdrew as counsel.

On Mon, May 27, 2024 at 8:37 AM Jeremy Sink <jsink@kmclaw.com> wrote:

Mr. Darger,

I disagree with your interpretation of the below referenced statutes. I will be proceeding with the trustee's sale as indicated in the notice of trustee's sale.

**KIRTON McCONKIE**
**Jeremy Sink**
Attorney
d 801.239.3157

**From:** John D <jndarger1@gmail.com>
**Sent:** Thursday, May 23, 2024 7:15 PM
**To:** Jeremy Sink <jsink@kmclaw.com>
**Subject:** Fwd: You are conducting an illegal foreclosure sale

CAUTION: EXTERNAL

FYI

---------- Forwarded message ---------
From: **John D** <jndarger1@gmail.com>
Date: Thu, May 23, 2024 at 6:33 PM
Subject: Fwd: You are conducting an illegal foreclosure sale
To: <ballif@godfreytrial.com>

Mr. Ballif,

11

It is illegal for another attorney to piggyback off of your NOD. Accordingly, please file a cancelation of NOD with the county recorder to cancel the NOD you filed on my property.

---------- Forwarded message ---------
From: **John D** <jndarger1@gmail.com>
Date: Thu, May 23, 2024 at 4:28 PM
Subject: You are conducting an illegal foreclosure sale
To: Jeremy Sink <jsink@kmclaw.com>


Mr. Sink,

You are conducting an illegal foreclosure sale.

As trustee of the deed of trust being foreclosed on my real property, you have never recorded a notice of default ("NOD") on my real property.

Only Balliff has recorded an NOD, which is attached to this email.

Utah Code 57-1-24 is clear and requires you to file your own Notice of Default and doesn't allow you to piggyback off of Balliff's NOD.

Please review the following statutes:

UCA 57-1-24(1) requires the successor trustee to record his own NOD
UCA 57-1-22(3)(a) requires the successor trustee to record a new NOD
UCA 57-1-21.5 states that preparing the NOD may not be delegated and your attempt to use Balliff's NOD means you delegated the NOD preparation to Balliff in violation of this statute

I assert that you have a legal and ethical responsibility to cancel the Balliff NOD because you are illegally piggybacking off of the Ballif NOD, which is the legal equivalent of NOD delegation.

Additionally, you scheduled the sale only 29 days instead of 30 as required by law. Here is the law that requires 30 days  https://le.utah.gov/xcode/Title57/Chapter1/57-1-S25.html?v=C57-1-S25_2020051220200512


Pursuant to UCA 57-1-25(5) A trustee qualified under Subsection 57-1-21(1)(a)(i) or (iv) who exercises a power of sale has a duty to the trustor not to defraud, or conspire or scheme to defraud, the trustor.

https://le.utah.gov/xcode/Title57/Chapter1/57-1-S25.html?v=C57-1-S25_2020051220200512

Sincerely,

John Darger