Lorenzo Luciano Lopez
13887 Lamont Lowell Cir
Herriman, UT 84096
Phone: 385-474-1541
E-mail: lorenzolucianolopez@gmail.com
*Pro Se Debtor*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: | Case No. 24-26705 |
| Lorenzo Luciano Lopez | Chapter 13 |
| Debtor | Judge: Joel T. Marker |

FILED US Bankruptcy Court-UT
JAN 13 2025 PM 4:24

## EX PARTE REQUEST BY DEBTOR FOR VOLUNTARY DISMISSAL OF CHAPTER 13 BANKRUPTCY CASE WITHOUT PREJUDICE PURSUANT TO 11 USC § 1307(b)

COMES NOW Debtor Lorenzo Luciano Lopez, Pro Se, and pursuant to 11 U.S.C. § 1307(b) hereby requests, ex parte, voluntary dismissal without prejudice of this pending Chapter 13 case. In support of said request, Debtor hereby represents:

Debtor is unaware of any pending motion by a creditor or the Chapter 13 Trustee for conversion of the pending Chapter 13 case to a case under Chapter 7 or Chapter 11 of Title 11, United States Code.

11 U.S.C. § 1307(b) provides a Chapter 13 debtor with the ability to voluntarily dismiss his Chapter 13 case if the case was not previously converted from another chapter of the Bankruptcy Code as follows:

1

> (b) On request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable.

Under section 1307(b) of title 11 of the United States Code Debtor is entitled to an absolute and unqualified right to dismiss a Chapter 13 bankruptcy case and for the entry of an immediate order of dismissal. No local rule for the bankruptcy court in the district of Utah prohibits Debtor from exercising this legal right.

Section 1307(b) requires the court, on request of the debtor, to dismiss a Chapter 13 case if the case has not already been converted from Chapter 7 or Chapter 11. This case has not been previously converted under 11 USC § 706, 1112, or 1208. No hearing is required or necessary.

By law, Creditors are not allowed object to this request even if a motion for relief is pending. In the more recent authorities, various Circuit Courts and lower tribunals recognize that 11 U.S.C. § 1307(b) provides a Chapter 13 debtor with an absolute and unqualified right to dismiss a Chapter 13 case that has not been previously converted. See In re Nichols, 10 F.4th 956, 2021 WL 3891571, at *5 (9th Cir. 2021) ("Section 1307(b)'s text plainly requires the bankruptcy court to dismiss the case upon the debtor's request. There is no textual indication that the bankruptcy court has any discretion whatsoever."); In re Smith, 999 F.3d 452, 455 (6th Cir. 2021) ("By its plain terms,…[section 1307(b)] is mandatory: upon the debtor's request, subject to one exception not applicable here (namely that the case was not converted to Chapter 13 from another chapter), the court 'shall dismiss' a Chapter 13 case."); In re Barbieri, 199 F.3d 616, 619 (2d Cir. 1999) ("Section 1307(b) unambiguously requires that if a debtor 'at any time' moves to dismiss a case that has not previously been converted, the court 'shall' dismiss the action. The term 'shall,' as the Supreme Court has reminded us, generally is mandatory and leaves no room

2

for the exercise of discretion by the trial court.").

In In re Fulayter, the Bankruptcy Court for the Eastern District of Michigan, held that the plain language of the statute leaves no ambiguity and compels the court to grant a debtor's motion to dismiss his chapter 13 case. The statute tells the bankruptcy court what to do when the request is made: "the court shall dismiss a case under this chapter." According to the Fulayter court "§ 1307(b) permits a debtor to make a request to dismiss at any time and states unequivocally that if the debtor makes the request the court shall dismiss. The statue does not make any exception to any time based on whether another motion is pending in the case even if that motion alleges bad faith conduct by the debtor and requests conversion." See In re Fulayter, 615 B.R. at 815.

Recent and more convincing authorities have concluded that the U.S. Supreme Court's holding in Law v. Siegel, 571 U.S. 415, 421 (2014), in which all Supreme Court Justices unanimously recognized that in exercising its broad powers under 11 U.S.C. § 105(a), "a bankruptcy court may not contravene specific statutory provisions," have held that Chapter 13 debtors have an unqualified right to dismiss their Chapter 13 bankruptcy under section 1307(b) despite a pending motion to convert or allegations of bad faith. See, e.g., See In re Nichols, 10 F.4th 956, 2021 WL 3891571, at *5; In re Duran, No. 20-1045, 2021 WL 3186117 (B.A.P. 9th Cir. July 27, 2021); In re Fisher, No. 14-61076, 2015 WL 1263354, at *6; In re Sinischo, 561 B.R. 176 (Bankr. D. Colo. 2016). Indeed, Law v. Siegel expressly clarified that Marrama, "did not endorse, even in dictum, the view that equitable considerations permit a bankruptcy court to contravene express provision of the [Bankruptcy] Code." 571 U.S. at 426. In applying Law v.Siegel, other courts have concluded that the express language of 11 U.S.C. § 1307(b), which provides that a court "shall" dismiss an unconverted Chapter 13 case, is mandatory and not

3

subject to the good faith considerations that the Supreme Court applied to the conversion rights provided by 11 U.S.C. § 706(a) in Marrama.

Wherefore, Debtor respectfully requests the court enter an immediate order of dismissal without prejudice in the Chapter 13 case herein.

Dated this 13th day of January, 2025.

                                                    Lorenzo Luciano López
                                                    Pro Se Debtor

## CERTIFICATE OF SERVICE

The undersigned hereby certifies a true and correct copy of the foregoing was served electronically via CM/ECF notification on January 13, 2025 on all parties registered to receive ECF notification including the following parties:

Lon Jenkins
Chapter 13 Trustee
ECF Notification

United States Trustee
ECF Notification

/s/ Lorenzo Luciano López