Lorenzo Luciano Lopez
13887 Lamont Lowell Cir
Herriman, UT 84096
Phone: 385-474-1541
E-mail: lorenzolucianolopez@gmail.com
*Pro Se Debtor*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: | Case No. 24-26705 |
| Lorenzo Luciano Lopez | Chapter 13 |
| Debtor | Judge: Joel T. Marker |

FILED US Bankruptcy Court-UT
JAN 13 2025 PM 4:25

**OBJECTION TO MOTION OF AUNTIE TUT TRUST FOR DISMISAL PURSUANT TO 11 USC 707 AND FOR OR IN REM RELIEF PURSUANT TO 11 U.S.C. §§ 362(d)(4) (DOCKET ENTRY 7)**

COMES NOW Debtor Lorenzo Luciano Lopez, Pro Se, and hereby objects to Aunti Tut Trust's ("Movant" OR "ATT") motion for dismissal pursuant to 11 USC 707 and for "in-rem" relief pursuant to 11 USC § 362(d)(4). ATT's motion was filed as docket entry 7.

Answering the numbered paragraphs, Debtor admits or denies ATT's statement of material facts.

    A.    For lack of information sufficient to form a belief as to the truth thereof, denies.

    B.    For lack of information sufficient to form a belief as to the truth thereof, denies.

    C.    For lack of information sufficient to form a belief as to the truth thereof, denies.

    D.    For lack of information sufficient to form a belief as to the truth thereof, denies.

    E.    For lack of information sufficient to form a belief as to the truth thereof, denies.

1

F.	For lack of information sufficient to form a belief as to the truth thereof, denies.

G.	For lack of information sufficient to form a belief as to the truth thereof, denies.

H..	For lack of information sufficient to form a belief as to the truth thereof, denies, but it should also be noted that the ATT is engaging in loan fraud by fraudulently assessing unlaw default interest.

I.	For lack of information sufficient to form a belief as to the truth thereof, denies.

J..	For lack of information sufficient to form a belief as to the truth thereof, denies.

K..	For lack of information sufficient to form a belief as to the truth thereof, denies.

L.	For lack of information sufficient to form a belief as to the truth thereof, denies.

M..	For lack of information sufficient to form a belief as to the truth thereof, denies.

N.	For lack of information sufficient to form a belief as to the truth thereof, denies.

O.	For lack of information sufficient to form a belief as to the truth thereof, denies.

P.	Denies. ATT is engaging in loan fraud against Darger by trying to assess illegal compound interest or illegal default interest.

Q.	Denies. . ATT is engaging in loan fraud against Darger by trying to assess illegal compound interest or illegal default interest.

R.	For lack of information sufficient to form a belief as to the truth thereof, denies.

S.	For lack of information sufficient to form a belief as to the truth thereof, denies.

T.	Denies. Debtor has never been a manager of Ultimate Estates LLC. If ATT has any documents that indicate otherwise in its possession, they are in error.

U.	For lack of information sufficient to form a belief as to the truth thereof, denies.

V.	Denies. ATT is engaging in loan fraud against Darger by trying to assess illegal

2

compound interest or illegal default interest.

W. Denies. ATT didn't follow the rules and didn't allow Debtor 14 days to file Chapter 13 schedules and other documents.

X. Admits. ATT is correct in that debtor was allowed until January 13, 2025 to submit the missing forms and this fact is an admission by ATT that it acted in bad faith by immediately filing a motion to dismiss with in rem relief.

Y. Debtor asserts this isn't a statement of fact, but a personal attack against debtor when it was ATT who acted in bad faith. To the extent this statement is a fact, debtor Denies.

## **OBJECTION ARGUMENT**

### A. THE BANKRUPTCY COURT LACKS JURISDICTION TO RULE ON ATT's MOTION

On January 13, 2025, Debtor filed a motion of voluntary dismissal without prejudice.

11 U.S.C. § 1307(b) provides a Chapter 13 debtor with the ability to voluntarily dismiss his Chapter 13 case if the case was not previously converted from another chapter of the Bankruptcy Code as follows:

> (b) On request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable.

3

Under section 1307(b) of title 11 of the United States Code Debtor is entitled to an absolute and unqualified right to dismiss a Chapter 13 bankruptcy case and for the entry of an immediate order of dismissal. No local rule for the bankruptcy court in the district of Utah prohibits Debtor from exercising this legal right.

Section 1307(b) requires the court, on request of the debtor, to dismiss a Chapter 13 case if the case has not already been converted from Chapter 7 or Chapter 11. This case has not been previously converted under 11 USC § 706, 1112, or 1208. No hearing is required or necessary.

By law, Creditors are not allowed object to this request even if a motion for relief is pending. In the more recent authorities, various Circuit Courts and lower tribunals recognize that 11 U.S.C. § 1307(b) provides a Chapter 13 debtor with an absolute and unqualified right to dismiss a Chapter 13 case that has not been previously converted. See In re Nichols, 10 F.4th 956, 2021 WL 3891571, at *5 (9th Cir. 2021) ("Section 1307(b)'s text plainly requires the bankruptcy court to dismiss the case upon the debtor's request. There is no textual indication that the bankruptcy court has any discretion whatsoever."); In re Smith, 999 F.3d 452, 455 (6th Cir. 2021) ("By its plain terms,...[section 1307(b)] is mandatory: upon the debtor's request, subject to one exception not applicable here (namely that the case was not converted to Chapter 13 from another chapter), the court 'shall dismiss' a Chapter 13 case."); In re Barbieri, 199 F.3d 616, 619 (2d Cir. 1999) ("Section 1307(b) unambiguously requires that if a debtor 'at any time' moves to dismiss a case that has not previously been converted, the court 'shall' dismiss the action. The term 'shall,' as the Supreme Court has reminded us, generally is mandatory and leaves no room for the exercise of discretion by the trial court.").

In In re Fulayter, the Bankruptcy Court for the Eastern District of Michigan, held that the plain language of the statute leaves no ambiguity and compels the court to grant a debtor's

4

motion to dismiss his chapter 13 case. The statute tells the bankruptcy court what to do when the request is made: "the court shall dismiss a case under this chapter." According to the Fulayter court "§ 1307(b) permits a debtor to make a request to dismiss at any time and states unequivocally that if the debtor makes the request the court shall dismiss. The statue does not make any exception to any time based on whether another motion is pending in the case even if that motion alleges bad faith conduct by the debtor and requests conversion." See In re Fulayter, 615 B.R. at 815.

Recent and more convincing authorities have concluded that the U.S. Supreme Court's holding in Law v. Siegel, 571 U.S. 415, 421 (2014), in which all Supreme Court Justices unanimously recognized that in exercising its broad powers under 11 U.S.C. § 105(a), "a bankruptcy court may not contravene specific statutory provisions," have held that Chapter 13 debtors have an unqualified right to dismiss their Chapter 13 bankruptcy under section 1307(b) despite a pending motion to convert or allegations of bad faith. See, e.g., See In re Nichols, 10 F.4th 956, 2021 WL 3891571, at *5; In re Duran, No. 20-1045, 2021 WL 3186117 (B.A.P. 9th Cir. July 27, 2021); In re Fisher, No. 14-61076, 2015 WL 1263354, at *6; In re Sinischo, 561 B.R. 176 (Bankr. D. Colo. 2016). Indeed, Law v. Siegel expressly clarified that Marrama, "did not endorse, even in dictum, the view that equitable considerations permit a bankruptcy court to contravene express provision of the [Bankruptcy] Code." 571 U.S. at 426. In applying Law v.Siegel, other courts have concluded that the express language of 11 U.S.C. § 1307(b), which provides that a court "shall" dismiss an unconverted Chapter 13 case, is mandatory and not subject to the good faith considerations that the Supreme Court applied to the conversion rights provided by 11 U.S.C. § 706(a) in Marrama.

Debtor is entitled by law to an immediate order of dismissal before ATT's motion can be

5

heard by the court. Accordingly, the Court must enter an order granting immediate dismissal of this bankruptcy case before the hearing on ATT's instant motion can take place. As such, ATT's hearing is moot and needs to be stricken from the calendar.

**B. THE BANKRUPTCY COURT HAS TO ABSTAIN FROM RULING**

Even if it had jurisdiction, in the alternative, the bankruptcy court has to abstain from ruling on this motion. Debtor alleges ATT is committing mortgage fraud. Accordingly, this matter is a state court issue. Bankruptcy jurisdiction, though broad, is subject to such limiting principles as justiciability and standing, which govern Federal courts generally.

"Abstention" is a judicially created doctrine to resolve conflicts between Federal and state courts and is based on comity with state courts. See 17A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction 2d §§ 4241-55 (2d ed. 1988). However, abstention in the context of bankruptcy cases is statutory, see 28 U.S.C. § 1334(c), and has been extended to administrative and Federal forums. See Eastport Assocs. v. City of Los Angeles (In re Eastport Assocs.), 935 F.2d 1071 (9th Cir. 1991) (district court did not abuse its discretion by abstaining to local administrative proceedings to resolve issues in adversary proceeding); In re T.D.M.A. Inc., 66 B.R. 992, 995 (Bankr. E.D. Pa. 1986) ("the statement that '[n]othing . . . prevents a district court in the interests of justice' from abstaining . . . probably applies to reference to federal as well as state forums").

A bankruptcy court is subject to mandatory abstention and must abstain where a proceeding is based on a state law claim or cause of action; but for the bankruptcy, this proceeding would have been brought in state, not Federal, court (i.e., no independent ground of Federal jurisdiction)

6

Movant needs to establish its right to non-judicially foreclose in state court or conduct a judicial foreclosure to allow debtor to present his statute of limitations defenses in state court. Only after a state court ruling in its favor could Movant seek "in rem" relief in bankruptcy court. Until then the bankruptcy court must abstain from ruling for in rem relief due to lack of jurisdiction.

### C. A REQUEST FOR IN REM RELIEF AGAINST A NON-PARTY TO THE BANKRUPTCY REQUIRES AN ADVERSARY PROCEEDING

Section 362 (d) (1) of the Bankruptcy Code provides that:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided in subsection (a) of this section, such as terminating, annulling, modifying; or conditioning such stay.

> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest...11 USC § 362 (d)(1).

The movant has the initial burden to establish that cause exists, while the debtor bears the ultimate burden on all other issues other than equity in its property. 11 USC § 362(g); In re Poissant, B. R., 2009 WL 1402269 (Bankr. N. D. Ohio May 20, 2009). If the movant cannot make this initial showing, relief from stay should be denied without requiring the debtor to make any showing that it is entitled to continued protection of the automatic stay.

Sonnax Indus., Inc. v. Tri Component Production Corp. (In re Sonnax Indus., Inc.), 907 F. 2d 1280, 1285 (2nd Civ. 1990).

"Cause" is not defined in the Bankruptcy Code but includes the lack of adequate protection. Therefore, under § 362 (d)(1), the "court must determine whether discretionary relief is appropriate on a case by case basis". In re Laguna Associates, L.P., 30 F.

7

3d 734, 737 (6thCiv. 1994). In determining whether cause exists, the bankruptcy court should base its decision on the hardships imposed on the parties with an eye toward the overall goals of the Bankruptcy Code. In re C&S Grain Co., 47 F. 3d 233, 238 (7th Civ. 1995).

The Bankruptcy Court can enter an order against the debtor's refiling a bankruptcy concerning his real property. But, to bar a non-party to filing bankruptcy with an in rem order, there must be an adversary proceeding. (See In re Roben, at 847). (294 B.R. 840, 846) (Bankr. E.D. Ark. 2003). It states, "Federal Rule of Bankruptcy Procedure 7001(7) states that, subject to exceptions not relevant in this case, a proceeding to obtain an injunction or equitable relief constitutes an adversary proceeding." A simple motion for in rem relief cannot be used to circumvent the requirement for an adversary proceeding.

In re Bryon George Van Ness, Debtor. United States Bankruptcy Court, E.D. California, the California bankruptcy court confirmed the findings of Roben in opining that any such order would amount to extraordinary relief based on general equitable authority. When extraordinary relief in the form of an injunction or other equity-based order not directly authorized by the Bankruptcy Code is under consideration, the affected parties are entitled to all the process that is due.

Rule 7001 mandates that an injunction or other equitable relief be obtained by way of an adversary proceeding or plan confirmation, [399 B.R. 904] rather than by way of a "contested matter" motion. Fed. R. Bankr.P. 7001(7).

An adversary proceeding under Federal Rule of Bankruptcy Procedure 7001 is essentially indistinguishable from a civil action under the Federal Rules of Civil Procedure. See Christopher Klein, Bankruptcy Rules Made Easy (2001): A Guide to the Federal Rules of Civil Procedure that Apply in Bankruptcy, 75 AM. BANKR.L.J. 35, 38 (Winter 2001).

In contrast, a contested matter under Federal Rule of Bankruptcy Procedure 9014 is a motion procedure susceptible of more expeditious resolution than an adversary proceeding. In particular, the pleading rules that entail complaint, answer, counterclaim, crossclaim, and third-party practice are dispensed with in favor of a simple motion procedure. Johnson, 346 B.R. at 195; Khachikyan v. Hahn (In re Khachikyan), 335 B.R. 121, 125-26 (9th Cir. BAP 2005); GMAC Mortgage Corp. v. Salisbury (In re Loloee), 241 B.R. 655, 660 (9th Cir. BAP 1999); United States v. Valley Nat'l Bank (In re Decker), 199 B.R. 684, 690 (9th Cir. BAP 1996) (concurring op.); Klein, 75 AM. BANKR.L.J. at 40-41.

A Motion for Relief from the § 362 automatic stay is a Rule 9014 contested matter. Fed. R. Bankr.P. 4001(a)(1). It is well settled that a Rule 9014 motion cannot be used to circumvent the requirement of an adversary proceeding (emphasis added). Golden Plan, 829 F.2d at 711-12; Loloee, 241 B.R. at 660-62. January 23, 2009.

The 10th Circuit Court of Appeals confirmed Bankruptcy Rule 7001 requires an adversary proceeding. See, In re Gledhill, 76 F. 3d 1070 (10th Cir. 1996). The appeal ruling in Gledhill is binding on this court under the principle of stare decisis. Under Gledhill, Rule 7001(7) requires an adversary proceeding. The 10th Circuit Court of Appeals was crystal clear in its binding opinion:

'Under Rule 7001(7), a proceeding "to obtain an injunction or other equitable relief" must be brought as an adversary proceeding.' A request for in rem relief is absolutely a request for an injunction and/or other equitable relief.

Attorney Jeremy C. Sink has failed to follow the Utah attorney rules of professional conduct.

Specifically, Rules 3.1 and 3.3 state:

9

**Rule 3.1. Meritorious Claims and Contentions.**

Effective: 11/1/2005

A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good-faith argument for an extension, modification or reversal of existing law. A lawyer for the defendant in a criminal proceeding, or the respondent in a proceeding that could result in incarceration, may nevertheless so defend the proceeding as to require that every element of the case be established.

**Rule 3.3. Candor toward the Tribunal.**

Effective: 5/1/2019

(a) A lawyer shall not knowingly or recklessly:

(a)(1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer; or

(a)(2) fail to disclose to the tribunal legal authority in the controlling jurisdiction directly adverse to the position of the client and not disclosed by opposing counsel.

Accordingly, Attorney Jeremy C. Sink, pursuant to the rules of professional conduct, must file an adversary proceeding for Creditor to seek an "in rem" order on Debtor's real property.

**D. THERE IS NO SCHEME TO HINDER, DELAY, OR DEFRAUD A CREDITOR**

There is no scheme to hinder, delay or defraud a creditor because ATT is committing mortgage fraud by illegally assessing compound or default interest in violation of the Consumer Financial Protection Bureau guidelines including, but not limited to, TILA, RESPA, Regulation Z.

As discussed above, the bankruptcy court must abstain from issuing a ruling on whether there is a scheme to hinder, delay, or defraud a creditor until Utah's Thirdt district court makes a determination concerning the expired statute of limitations.

ATT has a good faith obligation to accurately present the facts though to the bankruptcy court and ATT failed to disclose that there is a dispute concerning ATT's rights to foreclose.

ATT should have filed for declaratory judgment concerning it's right to foreclose non judicially or filed a judicial foreclosure in state court.

Instead, ATT falsely alleges that there is a scheme to hinder, delay or defraud a creditor and wants the bankruptcy court to violate the rules against abstaining from a state court matter. As mentioned several times throughout this motion, the bankruptcy court must abstain from issuing any ruling here until Utah's Third district court determines if ATT owes damages to debtor for ATT's mortgage fraud against Darger.

## **CONCLUSION**

The bankruptcy court lacks jurisdiction because Debtor has an absolute right of dismissal with his motion to dismiss filed on January 13, 2025. Said motion has to be granted before ATT's motion for in rem relief can be heard. In the alternative, the bankruptcy court has to abstain from jurisdiction due to ATT's and its attorney's criminal fraud which involves a criminal conspiracy between ATT and its attorney, Mr. Sink. The fraud dispute requires a ruling from Utah's Third district state court, not the bankruptcy court for the district of Utah.

Even if the court had jurisdiction and didn't have to abstain, Movant's Motion for in rem relief should be denied based on binding and persuasive case law. The 11 USC 362 statute is clear and the case law is clear. In Rem relief requires an adversary proceeding and can't be granted by simple motion as Creditor requests. ATT is trying to circumvent the adversary

11

requirement for "in rem" relief and the Utah Bankruptcy Court has a responsibility to deny ATT's motion.

Finally, there is no scheme to hinder, delay or defraud a creditor because ATT is engaging in mortgage fraud against Darger. Accordingly, ATT lacks standing to foreclose. The motion for in rem relief was filed in bad faith as documented in the four arguments made by Debtor.

Dated this 13th day of January, 2025.

/ Lorenzo Luciano Lopez
Pro Se Debtor

## CERTIFICATE OF SERVICE

The undersigned hereby certifies a true and correct copy of the foregoing was served electronically via CM/ECF notification on January 13, 2025 on all parties registered to receive ECF notification including the following parties:

Lon Jenkins
Chapter 13 Trustee
ECF Notification

United States Trustee
ECF Notification

/ Lorenzo Luciano Lopez