Jeremy C. Sink (9916)
**KIRTON MCCONKIE**
36 South State Street, Suite 1900
Salt Lake City, UT 84111
Telephone: (801) 239-3157
Email: jsink@kmclaw.com
Attorneys for Creditor: Auntie Tut Trust

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| In re:<br><br>LORENZO LUCIANO LOPEZ<br><br>Debtor. | Bankruptcy No. 24-26705<br>(Chapter 13)<br><br>Judge: Joel T. Marker<br>**[Filed Electronically]** |
|---|---|

**REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO 11 U.S.C. 707 and MOTION FOR POST BANKRUPTCY RELIEF FROM THE AUTOMATIC STAY**

Secured creditor Auntie Tut Trust ("ATT") herein responds to the issues and arguments raised in Lorenzo Luciano Lopez' "Objection to Motion of Auntie Tut Trust For Dismissal Pursuant to 11 USC 707 and for In Rem Relief Pursuant to 11 U.S.C. 362(d)(4)" ("Objection").

As set forth in the motion and below, ATT requests that this court enter an In Rem Order providing that the filing of a future bankruptcy petition by any individual or entity will not extend the protection of the automatic stay of 11 U.S.C. 362(a) to the

real property located at 13887 Lamont Lowell Circle, Herriman, UT 84096 (hereinafter "Property") for a period of six (6) months from the date of entry of said Order.

As set forth in ATT's "Motion To Dismiss Pursuant to 11 U.S.C. 707 and Motion for Post Petition Bankruptcy Relief From the Automatic Stay" ("Motion") and the Opposition, the above-captioned bankruptcy is a fraudulent bankruptcy filing completed for the sole purpose of stopping ATT's foreclosure of the Property and should be dismissed as a bad faith bankruptcy filing pursuant to 11 U.S.C. § 707(b)(3) or pursuant to the Debtor's Motion to Dismiss filed as docket number 18 in the above-captioned case.

However, prior to dismissal, this court can and should enter an order pursuant to 11 U.S.C. § 362(d)(1) and (4), Bankruptcy Rules 4001(a) and 9014, and Local Bankruptcy Rule 4001-1, granting ATT relief from the automatic stay, providing that the filing of a future bankruptcy petition by any individual or entity will not extend the protection of the automatic stay of 11 U.S.C. 362(a) to the Property for a period of six (6) months from the date of entry of said Order

### STATEMENT OF MATERIAL FACTS AND DEBTOR'S RESPONSE

A. Auntie Tut Trust entered into a Secured Promissory Note agreement with John Darger ("Darger") on July 1, 2013 for the principal amount of $320,000. A copy of the Secured Promissory Note is attached hereto as Exhibit A and incorporated herein by reference.

**RESPONSE**: Denied but without any proposed alternative evidence.

B. A Trust Deed securing the promissory note was recorded with the Salt Lake County Recorder's office as entry number 11676867 on July 2, 2013. A copy of the Trust Deed is attached hereto as Exhibit B and incorporated herein by reference.

**RESPONSE**: Denied but without any proposed alternative evidence.

C. The property securing the Trust Deed is located at 13887 S. Lamont Lowell Circle, Herriman, Utah (hereinafter the "Property"). See Exhibits A and B.

**RESPONSE**: Denied but without any proposed alternative evidence.

D. The Property was placed in Mr. Darger's name via Warranty Deed, entry number 11676835 in the Salt Lake County Recorder's Office, on July 2, 2013. See Exhibit C

**RESPONSE**: Denied but without any proposed alternative evidence.

E. On August 22, 2013 Darger transferred the Property via Warranty Deed, entry number 11710288 in the Salt Lake County Recorder's Office, to Ultimate Estates, LLC. See Exhibit D.

**RESPONSE**: Denied but without any proposed alternative evidence.

F. On October 10, 2018, Ultimate Estates, LLC, transferred the Property to Ultimate Enterprise, LLC via Warranty Deed, entry number 12865345, recorded in the Salt Lake County Recorder's Office, signed by John Darger on behalf of Ultimate Estates. See Exhibit E.

**RESPONSE**: Denied but without any proposed alternative evidence.

G. On December 30, 2024, 27 minutes before the filing of the above-captioned bankruptcy proceeding, Ultimate Enterprise, LLC transferred the property to Ultimate Enterprise, LLC and Lorenzo Luciano Lopez, as tenants in Commons, via Quit Claim Deed, entry number 14330423, recorded in the Salt Lake County Recorder's Office. John Darger

signed the December 30, 2024 quit claim deed as the Managing Member of Ultimate Enterprise, LLC. See Exhibit F.

**RESPONSE**: Denied but without any proposed alternative evidence.

H. Mr. Darger's payment history on the Promissory Note has been less than stellar. Only four payments have been made on the Promissory Note over the past five years: 1) a payment of $1,000 on 6/4/021; 2) a payment of $1,000 on 7/9/2021; 3) a payment of $500 on 11/15/2022 and 4) a payment of $500 on January 1, 2023. A copy of Mr. Darger's payment history is attached hereto as Exhibit G and incorporated herein by reference.

**RESPONSE**: Denied but without any proposed alternative evidence.

I. Pursuant to the plain language of the promissory note, Mr. Darger was supposed to make monthly payments of $1,915.82. See Exhibit A.

**RESPONSE**: Denied but without any proposed alternative evidence.

J. Johnathan Ryan Darger filed a prior chapter 13 case in the United States Bankruptcy Court for the District of Utah on January 29, 2024, case number 24-20354. See Docket for case number 24-20354.

**RESPONSE**: Denied but without any proposed alternative evidence.

K. Mr. Darger's prior bankruptcy case was filed on the eve of ATT's foreclosure sale for the Property scheduled to occur on January 30, 2024. See Proof of Publication of Trustee's Sale Notice from the Salt Lake Tribune attached hereto as Exhibit H and incorporated herein by reference.

**RESPONSE**: Denied but without any proposed alternative evidence.

L. Mr. Darger's prior bankruptcy case was dismissed for among other things failure to comply with the Bankruptcy Code and failure to comply with an order from the Bankruptcy Court.  See Docket entries 15 and 19 in case number 24-20354.

**RESPONSE**:  Denied but without any proposed alternative evidence.

M. Mr. Darger filed a second Chapter 13 bankruptcy case on June 4, 2024, case number 24-22721 in the United States Bankruptcy Court for the District of Utah. See docket for case number 24-22721.

**RESPONSE**:  Denied but without any proposed alternative evidence.

N.  Mr. Darger's second chapter 13 bankruptcy case filed during the 2024 calendar year was filed on the eve of ATT's foreclosure sale for the Property scheduled to occur on June 5, 2024.  See Notice of Trustee's Sale attached hereto as Exhibit I and incorporated herein by reference.

**RESPONSE**:  Denied but without any proposed alternative evidence.

O. Similar to his prior Chapter 13 (case number 24-20354), Darger did not file statements and schedules with his second chapter 13 bankruptcy petition, did not file a plan and did not submit a mailing matrix listing any of his creditors.  See dockets for cases 24-20354 and 24-22721.

 **RESPONSE**:  Denied but without any proposed alternative evidence.

P. The sole benefit of the prior two bankruptcy filings by Mr. Darger was stopping  ATT's collection efforts.  See dockets for cases 24-20354 and 24-22721.

**RESPONSE**:  Denied but without any proposed alternative evidence.

Q. The above-captioned bankruptcy case is a continuation of Mr. Darger's efforts to stop ATT's collection efforts against the Property:

**RESPONSE**: Denied but without any proposed alternative evidence.

R. Johnathan Darger lists himself on www.linkedin.com as the owner of Ultimate Estates, LLC. See printout of John Darger linked in website profile attached hereto as Exhibit J and incorporated herein by reference.

**RESPONSE**: Denied but without any proposed alternative evidence.

S. The Utah Division of Corporations and Commercial Code shows that the Manager of Ultimate Estates, LLC is Ultimate Enterprise, LLC located at the Property. See printout from the Division of Corporations and Commercial Code attached hereto as Exhibit K and incorporated herein by reference.

**RESPONSE**: Denied but without any proposed alternative evidence.

T. Ultimate Enterprise, LLC's manager is the Debtor. See printout from the Division of Corporations and Commercial Code attached hereto as Exhibit L and incorporated herein by reference.

**RESPONSE**: Denied but without any proposed alternative evidence.

U. Darger holds himself out to the public as a specialist in stopping foreclosures. See Exhibit J (stating ""My expertise is in many areas including but not limited to Foreclosure Prevention, . . ."; and showing a license and certification as a foreclosure prevention specialist.).

**RESPONSE**: Denied but without any proposed alternative evidence.

V. The immediate bankruptcy filing by Mr. Lorenzo Lopez appear to be nothing more than a continuation of efforts to stop ATT's foreclosure against the Property.

    i. Counsel for ATT received notice of the bankruptcy filing by Mr. Lorenzo Lopez via email dated December 31, 2024 and received by Mr. Sink at 10:29 a.m. (30

|     |     |
| --- | --- |
|     | minutes before the scheduled foreclosure sale). A copy of the December 31, 2024 email is attached hereto as Exhibit M. |
| ii. | An interesting request appears in the December 31, 2024 email from Mr. Lopez. The request is for "the regular monthly post petition mortgage payment on the property loan so I can start making the regular monthly mortgage payment." See Exhibit M. |
| iii. | The above request from Mr. Lopez is interesting because Mr. Lopez is not obligated to pay on the Promissory Note, nor is ATT one of his creditors. See Exhibit A. |
| iv. | Moreover, the request for a post-petition monthly mortgage payment was the same request made by Mr. Darger to Mr. Sink when Mr. Darger filed his second chapter 13 bankruptcy petition. See June 25, 2024 email from Darger to Sink attached hereto as Exhibit N and incorporated herein by reference. See also June 26, 2024 email from Darger to Sink requesting post petition mortgage payment amounts for a second time. The June 26, 2024 email is attached hereto as Exhibit O and incorporated herein by reference. |
| v. | As the notice of the bankruptcy filing was received only 30 minutes before the scheduled foreclosure sale, Mr. Sink attended the foreclosure sale to continue the sale date because of the bankruptcy filing. Mr. Darger and his wife were the only people at the sale. Mr. Darger was aware of the email from Mr. Lopez to Mr. Sink and provided Mr. Sink copies of the attachments on the email (notice of the bankruptcy filing attached hereto as Exhibit P and a copy of the deed transferring the property to Mr. Lopez attached hereto as Exhibit Q). Mr. Lopez was not |

7

        there. A complete copy of the audio/video recording of Mr. Darger's conversation with Mr. Sink has been emailed to the bankruptcy court as the file is too large to attach to this motion and is marked as Exhibit R. Exhibit R is incorporated herein by reference.

    vi. Mr. Lopez's bankruptcy is identical to the two prior bankruptcies filed by Mr. Darger in that there is no list of creditors, no proposed plan, no statements and schedules and no statement of financial affairs. Compare dockets from all three bankruptcy cases.

    vii. More importantly, Mr. Lopez's bankruptcy petition, if there even is a Mr. Lopez, was hand-delivered to the bankruptcy court by Johnathan Darger. See Docket Entry dated December 30, 2024 for case number 24-26705.

    **RESPONSE**: Denied but without any proposed alternative evidence.

W. Lopez has made no effort to comply with the requirements of Chapter 13 of the Bankruptcy Code in his chapter 13 filing. He did not file statements and schedules with his petition, did not file a plan with his petition, did not file a list of creditors and did not list his income. See docket for case number 24-26705.

    **RESPONSE**: Denied but without any proposed alternative evidence.

X. A deficiency notice was submitted on December 31, 2024 giving Mr. Lopez until January 13, 2025 to file the missing items. See Docket for case number 24-26705, docket entry no. 6.

    **RESPONSE**: Admits.

8

Y. Similar to the prior to cases filed by Mr. Darger, ATT expects that Mr. Lopez will not comply with the December 31, 2024 deficiency notice. See docket for case number 24-20354 and 24-22721.

Response: The debtor's motion to dismiss the case prove ATT's allegation correct.

## RESPONSE

A. Jurisdiction

Debtor asserts the bankruptcy court doesn't have jurisdiction to decide ATT's motion. When the debtor filed the above chapter 13 case this court obtained jurisdiction over this case pursuant to 28 U.S.C. 1334(a). Jurisdiction is appropriate.

B. In Rem Relief can be granted against the Property/

ATT's requests an order eliminating the automatic stay against the Property through any subsequent bankruptcy filings purporting to impact the Property. In rem relief is allowed where there is a scheme to hinder delay or defraud a creditor. This is the third of three bankruptcy cases all filed on the eve of a judicial foreclosure sale. See facts J, K, M, and N above and the exhibits referenced therein. In all three bankruptcies there has been no effort by Mr. Darger or the above-captioned Debtor to restructure or obtain a fresh start under the Bankruptcy Code. The sole result of each bankruptcy has been the cancelling of the foreclosure sales.

This case is similar to the cases of *In re Yimam*, 214 B.R. 463 and In re Roeben, 294 B.R. 840. In *Yiman*, the "court faced a situation where due to the debtor's and her spouse's seven bankruptcy filings, they were able to keep their residenc for more than five years without a mortgage payment." See *In re Roeben* at 847 (citing *In re Yimam*, 214 B.R. at 465). The Yiman

9

court invoked the equitable power under section 105(a) to prevent continued bankruptcy abuse and avoided the automatic stay in any future bankruptcies filed by the debtor or her spouse. *In re Yimen* at 466-467. In the Roeben case a husband and wife filed six bankruptcy filings where each case was dismissed because of their inaction. The Roebens kept foreclosure proceedings at bay through the continued filings without making monthly mortgage payments. See *In re Roeben* at 847. The Roeben court entered "an Order providing that the filing of a future bankruptcy petition by any individual or entity will not extend the protection of the automatic stay of 11 U.S.C. §362(a) to [the Debtors' real property] for a period of six months." *Id*. at 848.

In rem relief in appropriate in the immediate case given the three bankruptcy filings in a period of less than 12 months, each on the eve of a foreclosure sale with no effort by any of the debtor's in those cases to comply with the requirements of the Bankruptcy Code. Similar to the *Roeben* court, this court should "enter an Order providing that the filing of a future bankruptcy petition by any individual or entity will not extend the protection of the automatic stay of 11 U.S.C. §362(a) to [the Property] for a period of six months."

This relief is appropriate under sections 105 and 362(d)(4) of the Bankruptcy Code. Under section 362(d)(4) this Court can invoke the order for a period of up to two years.

C. The request for Abstention is inapplicable.

The Debtor requests that the court abstain from ruling on the Debtor's allegation of mortgage fraud. The granting of in rem relief related to the automatic stay does not address the mortgage fraud allegations. Abstention is therefore inapplicable. The Debtor and Mr. Darger can pursue any and all potential remedies in State court.

D. The Debtor's Filing of a Motion to Dismiss Under Section 1307(b) does not Prevent a Ruling on ATT's Motion.

The Debtor asserts that he is entitled to an "immediate" order granting his ex parte motion for dismissal under section 1307(b). The Debtor does not cite to any statute or rule requiring the "immediate" grant of his ex parte motion to dismiss. 11 U.S.C. 1307(b) does not use the word "immediate." The Debtor sought out the protection of the automatic stay through the filing of this petition. This Court has jurisdiction over this case under 28 U.S.C. 1334. This court can rule on the Motion, filed nearly two weeks before the motion to dismiss, and then rule on the motion to dismiss.

## CONCLUSION

Relief from the automatic stay should be granted under 11 U.S.C. 362(d)(1) and (d)(4). Lopez has filed this bankruptcy case as a pawn in Mr. Darger's schemes, with no intention to comply with the bankruptcy code and has even filed a motion to dismiss on the eve of the hearing on ATT's Motion. The above-captioned case was filed for one reason and one reason only, to hinder delay and defraud ATT's foreclosure efforts. For the reasons set forth in the Motion and this Reply, ATT requests entry of an order granting the Motion and for the Court to enter an Order providing that the filing of a future bankruptcy petition by any individual or entity will not extend the protection of the automatic stay of 11 U.S.C. §362(a) to the Property for a period of up to two years pursuant to 11 U.S.C. §362(d)(4).

DATED this 14th day of January 2025.

KIRTON McCONKIE

/s/ Jeremy C. Sink
Jeremy C. Sink

*Attorneys for MGT*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was emailed to the following

and filed electronically with the Bankruptcy Court via the court's ECF system on January 14, 2025

- **Lon Jenkins tr** ecfmail@ch13ut.org, lneebling@ch13ut.org
- **United States Trustee** USTPRegion19.SK.ECF@usdoj.gov

    I hereby further certify that the above reply was e-mailed to Johnathan Ryan Darger and Lorenzo Lopez: to Mr. Darger at jndarger1@gmail.com and emailed to Mr. Lopez at lorenzolucianolopez@gmail.com on the 14th day of January 2025.

    /s/ Jeremy C. Sink